[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10106
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:07-cv-00495-TJC-TEM


LARRY NIMMONS,

                                        Plaintiff - Appellant,

                    versus

DR. J. AVILES,
DR. AMADA NAZORENO,
NURSE KENNEDY,
SGT. ROBINSON,

                                        Defendants - Appellees,


NURSE PHILLIPS, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2011)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Larry Nimmons, a Florida prisoner proceeding pro se, appeals the dismissal of his civil rights action, 42 U.S.C. § 1983. The district court granted summary judgment in favor of Defendant Dr. Julian Aviles, an employee of the Florida Department of Corrections. No reversible error has been shown; we affirm.

In his section 1983 complaint, Nimmons alleged that Defendant's inadequate treatment of his knee injury caused him permanent damage and constituted deliberate indifference. Nimmons sustained a knee injury in April 2005 when he slipped and fell while performing his assigned prison duties. He sought treatment for the knee injury from Defendant; but after reviewing his x-ray, Defendant told Nimmons that he only had bruised some tendons. About a year after Nimmons fell, an orthopedist performed a procedure on Nimmons's knee and told him that he would have problems with his knee for the rest of his life because of the improper treatment he received after the slip-and-fall incident. The district court determined that the record showed that Defendant provided Nimmons with adequate medical care and that, therefore, Nimmons had not demonstrated deliberate indifference.

On appeal, Nimmons repeats his argument that Defendant's medical

response to his knee complaints constituted deliberate indifference.* We review de novo a grant of summary judgment and "apply the same legal standards that governed the district court's analysis." Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010).

For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted). Nimmons must demonstrate that Defendant's response to his medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted). We have explained that deliberate indifference has these three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

After review, we conclude that the district court properly granted summary

---

*Nimmons does not challenge the district court's dismissal of the other defendants on grounds of insufficient service of process and failure to exhaust administrative remedies. Thus, Nimmons has abandoned these challenges. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

judgment to Defendant. The record reflects that, shortly after Nimmons fell, Defendant saw Nimmons for his many chronic illnesses. Upon examining Nimmons's knee, Defendant noted that a previous tibial plateau fracture from December 2004 was asymptomatic and ordered an x-ray. The x-ray revealed a possible avulsion fracture and early degenerative changes. Defendant believed that the knee problem was not acute at that time. Nimmons continued to see Defendant for other problems, but made no additional complaints of knee pain until almost eight months later. And then, on examination, Defendant noted that the condition of the knee had worsened. So, Defendant ordered another x-ray and referred Defendant to an orthopedist. Diagnostic testing by the orthopedist showed that surgery was not warranted for the old fracture. But the orthopedist did perform a video arthroscopy to repair a tear to Nimmons's left lateral meniscus.

The care Nimmons received from Defendant for his knee was adequate and certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See Harris, 941 F.2d at 1505. Defendant treated Nimmons during the period after his fall for his knee complaints and responded reasonably to those complaints, including ordering an x-ray and referring Nimmons to an orthopedist when the knee condition worsened.

4

Nimmons's allegation that Defendant's medical treatment after the fall directly caused permanent damage to his knee is belied by the record, which showed that Nimmons suffered a prior knee injury before the fall.

That Nimmons later underwent a procedure on his knee by another doctor who expressed concern about the knee's prior treatment does not mandate the conclusion that Defendant acted in a constitutional sense unreasonably in treating Nimmons, especially given that Nimmons made no additional complaints to Defendant about his knee for eight months after the fall. See Farmer v. Brennan, 114 S.Ct. 1970, 1982-83 (1994) (an official who actually knew of a substantial risk to an inmate's health may be free from liability if the official reasonably responded to the risk, even if the inmate ultimately suffered harm); Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendant "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability).

The record will not support deliberate indifference. Defendant acted reasonably in treating Nimmons's knee; and Nimmons failed to produce evidence that Defendant disregarded the risk of harm that his injured knee posed to him.

AFFIRMED.